Filing # 69797269 E-Filed 03/26/2018 02:04:47 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI
DADE COUNTY FLORIDA

Case No.:

LUIS ARIAS, Individually and as
Personal Representative of the Estate of
ALBERTO ARIAS, Deceased,

    Plaintiffs
        v.

MUNILLA CONSTRUCTION MANAGEMENT,
L.L.C., a Florida Limited Liability
Company and FIGG BRIDGE ENGINEERS, INC.,
a Florida Corporation,
    Defendants
_____/

## COMPLAINT

**COMES NOW** Plaintiffs, LUIS ARIAS, individually and as Personal Representative of the Estate of ALBERTO ARIAS, deceased, by and through the undersigned counsel, and hereby sues Defendants, MUNILLA CONSTRUCTION MANAGEMENT, L.L.C., (hereinafter MCM), and FIGG BRIDGE ENGINEERS, INC., (hereinafter FIGG BRIDGE ENGINEERS), and alleges as follows:

### JURISDICTION

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs and brought pursuant to the Florida Wrongful Death Act, Florida Statutes §§768.16 - 768.26.

2. At all times material hereto, Plaintiff, LUIS ARIAS, is the duly appointed Personal Representative of the Estate of ALBERTO ARIAS, Deceased. (A copy of the Letters of Administration will be obtained and attached hereto as Exhibit "A".)

3. At all times material hereto, Plaintiff, LUIS ARIAS, the brother of ALBERTO ARIAS, deceased, was a resident of Miami-Dade County, Florida.



EXHIBIT
E

4. As Personal Representative of the Estate of ALBERTO ARIAS, Plaintiff, LUIS ARIAS, brings this action for the decedent's wrongful death in his representative capacity on behalf of the following survivors and/or beneficiaries:

   a.  Emma Diaz, mother of the deceased;

   b.  Luis Arias, brother of the deceased;

5. That at all times material hereto, Defendant MCM was and is a company organized and authorized to do business in the State of Florida, with a principal place of business in Miami-Dade County, Florida.

6. That at all times material hereto, Defendant FIGG BRIDGE ENGINEERS, was and is a company organized and authorized to do business in the State of Florida, with its principal place of business in Tallahassee, Leon County, Florida.

7. That at all times material hereto, all agents and/ or employees of all Defendants were acting within the scope and course of their agency and employment.

8. That the subject action accrued in Miami-Dade County, Florida and as such venue is proper with this Court.

9. All conditions precedent to the filing of this action have occurred and been performed.

## GENERAL ALLEGATIONS

Plaintiff restates and realleges Paragraphs 1 through 9 as if fully set forth herein and in addition, states as follows:

10. On or about March 15, 2018, ALBERTO ARIAS, was travelling on Southwest Eight Street/ US 41 in Miami Florida when the 950-ton, FIU-Sweetwater University City Bridge (the Bridge) collapsed on top of the vehicle he was driving, crushing the vehicle and causing his death.

2

11. At all times material hereto, Defendant MCM, was and is a construction business specializing in Heavy Civil and General Building Construction.

12. At all times material hereto, Defendant FIGG BRIDGE ENGINEERS, was and is a company that provides engineering and construction engineering services for bridges including designing, remodeling, inspection and management.

13. On September 30, 2015, MCM and FIGG BRIDGE ENGINEERS jointly submitted a proposal to Florida International University for the design and construction of this pedestrian Bridge as "MCM + FIGG DESIGN BUILD TEAM" (hereinafter MCM + FIGG).

14. MCM + FIGG were awarded the project to design and construct the Bridge and had control over the design, construction, installation and testing of the Bridge.

## FACTS GIVING RISE TO CAUSE OF ACTION
## THE COLLAPSE OF THE BRIDGE

15. Plaintiff restates and realleges Paragraphs 1 through 14 as if fully set forth herein and in addition, states as follows:

16. The Bridge was built using Accelerated Bridge Construction (ABC) technology.

17. This methodology is touted as being able to streamline the process of building bridges to ensure that they are built faster and more cost effectively.

18. The main span of this truss Bridge, 40 feet wide and 174 feet long, was built on temporary supports alongside Southwest Eight Street/ US 41.

19. On March 10, 2018, the span was lifted into place over Southwest Eight Street/ US 41.

20. On or before, March 13, 2018, Denney Pate, a lead engineer for Defendant FIGG BRIDGE ENGINEERS and others noticed that there was cracking on the north end of the installed span that needed to be repaired.

21. On March 13, 2018, Denney Pate called the Florida Department of Transportation (FDOT) to warn them of cracking in the Bridge and to advise the FDOT that the cracking must be repaired. He left a voicemail as follows:

> "Hey Tom, this is Denney Pate with FIGG bridge engineers. Calling to, uh, share with you some information about the FIU pedestrian bridge and some cracking that's been observed on the north end of the span, the pylon end of that span we moved this weekend. Um, so, uh, we've taken a look at it and, uh, obviously some repairs or whatever will have to be done but from a safety perspective we don't see that there's any issue there so we're not concerned about it from that perspective. Although obviously the cracking is not good and something's going to have to be, ya know, done to repair that."

22. No one listened to that message until after the Bridge collapsed.

23. On March 15, 2018, two days after Denney Pate made that call, representatives from MCM + FIGG, Florida International University and the Florida Department of Transportation, held a two-hour meeting to assess the span that was placed and the cracking of the Bridge.

24. At this meeting, FIGG BRIDGE ENGINEERS stated that there were no safety concerns and that the cracking of the span did not compromise the structure of the Bridge. This meeting concluded at approximately 11:00 a.m.

25. After the meeting, work continued on the site and on the Bridge, with MCM + FIGG performing post-tensioning operations and stress tests.

26. MCM + FIGG first adjusted the tension of the tension rods in the diagonal member at the south end of the span.

27. Post-tensioning operations and stress tests are inherently dangerous activities, especially in this type of project and should not be undertaken without safety precautions to protect the public.

4

28. While MCM + FIGG were conducting these operations on the south side of the span, the roadways were not closed nor was traffic re-routed.

29. MCM+FIGG then moved to the north side of the span, the very side of the span that was experiencing cracking, and adjusted one rod.

30. MCM + FIGG were working on the second rod of the north side, when at approximately 1:47 p.m., the span failed and collapsed, crushing several vehicles, including ALBERTO ARIAS' truck.

31. While MCM + FIGG were conducting these operations on the north side of the span, the roadways were not closed nor was traffic re-routed.

32. Post-tensioning operations are inherently dangerous, especially for this type of project and should only be performed in the absence of traffic.

33. Basic safety mandates were not followed in this instance. During these post-tensioning operations, there was traffic on the road and there was traffic directly underneath the Bridge. The streets were not closed, cars were not re-routed, there were no barricades or signs advising of the heightened level of danger.

34. This area was an active construction site which inherently created an extremely dangerous and hazardous environment to workers, pedestrians, motorists and the general public.

**COUNT I**
**NEGLIGENCE-WRONGFUL DEATH AGAINST**
**MCM + FIGG**

35. Plaintiff restates and realleges Paragraphs 1 through 34 as if fully set forth herein and in addition, states as follows:

5

36. Defendants, MCM + FIGG, knew or should have known that the Bridge was experiencing cracking.

37. Defendants, MCM + FIGG, knew or should have known that the cracking had to be repaired to ensure the structural integrity of the Bridge.

38. Defendants, MCM + FIGG, knew or should have known that performing stress testing on the Bridge posed the risk of compromising its structural integrity.

39. Defendants, MCM + FIGG, knew or should have known that performing post-tensioning of bridge cables posed the risk of compromising the Bridge's structural integrity.

40. Defendants, MCM + FIGG, knew or should have known that performing stress testing on the Bridge while the streets were opened and there were vehicles and people underneath the Bridge, was an inherently dangerous activity.

41. Defendants, MCM + FIGG, knew or should have known that performing post-tensioning of cables while the streets were opened and there were vehicles and people underneath the Bridge, was an inherently dangerous activity.

42. ALBERTO ARIAS, who was in his vehicle directly underneath the Bridge when it collapsed on March 15, 2018, was a person within the foreseeable zone of risk created by Defendants MCM + FIGG, to whom they owed a non-delegable duty of care.

43. Defendants, MCM + FIGG, breached this duty and caused foreseeable harm to ALBERTO ARIAS in numerous ways including but not limited to one of more of the following ways:
    a. failing to close the streets;
    b. failing to stop foot and vehicular traffic from entering the street;
    c. failing to block public access under the Bridge;

6

    d. failing to provide notice to the public and vehicular traffic of the dangerous conditions on Eight Street/ US 41;

    e. failing to perform the work in a manner that was safe and secure and that would not place the public in great harm;

    f. failing to stop work on the Bridge until the streets were closed and access blocked to the public.

44. Defendants, MCM + FIGG's conduct was grossly negligent and was so reckless or wanton in care that it constituted a reckless disregard or indifference to the life and safety of all persons exposed to such conduct.

45. As a direct and proximate result of Defendants', MCM + FIGG, negligence and/or carelessness and/or recklessness and/or willfulness and/or wantonness, ALBERTO ARIAS was tragically killed.

46. Plaintiff, LUIS ARIAS, as Personal Representative of the Estate of ALBERTO ARIAS, sues the Defendants for loss of the prospective net accumulations of the estate, funeral expenses and all other damages allowed by Florida Statute §768.21.

47. Plaintiff, LUIS ARIAS, as Personal Representative of the Estate of ALBERTO ARIAS, on behalf of the deceased's surviving mother EMMA DIAZ, sues the Defendants for lost support and services, future loss of support and mental pain and suffering resulting from the loss of her child and all other damages allowed by Florida Statute §768.21.

48. Plaintiff, LUIS ARIAS, as Personal Representative of the Estate of ALBERTO ARIAS, on behalf of himself, sues the Defendants for lost support and services and future loss of support and all other damages allowed by Florida Statute §768.21.

7

WHEREFORE, Plaintiffs, LUIS ARIAS, Individually and as Personal Representative of the Estate of ALBERTO ARIAS demands judgment against Defendants, MCM + FIGG, for all damages, together with the costs of this action, interest and any other relief that the Court deems fair and just. Plaintiff reserves the right to amend the Complaint to seek punitive damages against any and all Defendants.

### JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury of all issues so triable.

Dated March 26, 2018.

> Respectfully submitted,
> _____/S/_____
> Yesenia Collazo, Esq.
> FBN 489311
> Collazo Law Firm, P.A.
> 10200 NW 25th St. Ste 201
> Miami, Fl. 33172
> Phone number: (305) 477-6401
> collazolawoffice@bellsouth.net

8