UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-22585-CIV-ALTONAGA/Goodman

**TRAVELERS INDEMNITY COMPANY** and
**THE PHOENIX INSURANCE COMPANY**,

      Plaintiffs,
v.

**FIGG BRIDGE ENGINEERS, INC.,** *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court at a hearing [ECF No. 93] on January 24, 2019, on Defendants' Renewed Joint Motion to Dismiss the Second Amended Complaint [Doc. 70] and Amended Complaint [Doc. 71], or Alternatively, Motion to Abstain ("Renewed Motion") [ECF No. 83], filed December 26, 2018. The Court has carefully reviewed the Renewed Motion, the Plaintiff-Carriers' Response [ECF No. 86], Defendants' Joint Reply [ECF No. 89], the supporting exhibits, court file, oral arguments, and applicable law. The Renewed Motion is in many respects, as Plaintiffs, Travelers Indemnity Company and The Phoenix Insurance Company's (the "Carriers['s]") describe, a "disguised" motion for reconsideration of the Court's November 16, 2018 Order ("Nov. 16 Order") [ECF No. 55]. (*See* Resp. 1). The November 16 Order granted the Carriers' request the Court lift a stay previously entered in the case, and gave the Carriers one final opportunity to file two amended pleadings for declaratory judgments addressing their duty to defend their insureds from multiple state-court lawsuits consolidated into two master complaints. (*See* Nov. 16 Order). This Order assumes the readers' familiarity with the events leading up to the November 16 Order and the case's procedural history, and is brief.

In the Second Amended Complaint ("SAC") [ECF No. 70], the Carriers allege they are foreign insurance companies who entered into insurance contracts with Figg Bridge Engineers, Inc. ("Figg"), and are now defending FIGG under a reservation of rights from suits by Florida residents in a now-consolidated action in state court following a bridge collapse. (*See generally* SAC). In the Amended Complaint ("AC") [ECF No. 71], Plaintiffs allege they entered into insurance contracts with Network Engineering Services, Inc. d/b/a Bolton Perez & Associates ("Bolton"), and are now defending Bolton under a reservation of rights from suits by Florida residents in a now-consolidated action in state court following the bridge collapse. (*See generally* AC). The SAC and AC seek declarations, pursuant to 28 U.S.C. section 2201, as to whether the Carriers are obligated to defend Figg and Bolton. (*See* SAC ¶ 1; AC ¶ 1).

Figg and Bolton were the design build team for the bridge's design and construction. (*See* SAC ¶ 37; AC ¶ 31). The SAC and AC do not only sue Figg and Bolton. Also named as Defendants in this consolidated federal action are a number of individuals, all plaintiffs in the state court lawsuits against Figg and Bolton, who suffered damages and/or were killed as a result of the bridge collapse. (*See generally* SAC and AC).

The Renewed Motion argues: (1) the Court should dismiss the SAC and AC due to Plaintiffs' failure to join indispensable parties, under Federal Rules of Civil Procedure 12(b)(7) and 19; (2) once these purported necessary and indispensable parties are added and properly aligned, federal subject matter is lost as complete diversity will not exist; (3) Plaintiffs' failure to add the parties Defendants deem as necessary and indispensable was purposeful in an attempt to forum shop; and (4) alternatively, the Court should decline to accept jurisdiction and abstain. (*See generally* Renewed Mot.; Reply). Defendants' arguments fail to persuade.

CASE NO. 18-22585-CIV-ALTONAGA/Goodman

As to the claimed failure to join indispensable parties, the Carriers are seeking declarations regarding what duties, if any, they have to defend Figg and Bolton against the state-court lawsuits filed by the Defendants named in this federal action. The SAC and AC do not seek declarations regarding the Carriers' obligation to provide a defense to Figg and Bolton with regard to any other claims, present or future, that may be brought against Figg and Bolton. The November 16 Order contemplated the Carriers would not be able to file amended pleadings to add additional Defendants who might file lawsuits in state court against any of the entities involved in the bridge collapse after a date certain and was very clear that in re-opening the case and moving forward, the Carriers would not be able to continue filing amended pleadings. This case has already suffered delays from the inability to control or predict what, if any, parties may file suits in the future associated with Figg, Bolton, and the bridge collapse.

To be clear, the Carriers are not seeking any declarations regarding their duty to defend Figg and Bolton in the recent state-court suits filed by Jenna Mendez or Abel De Armas-Nunez. (*See* Renewed Mot. 2). Any uncertainty the Carriers may have about their obligation to defend Figg and Bolton from those claims – or any others not included in the SAC or AC – will not be addressed in this suit. Similarly, the Carriers are not seeking declarations regarding their duty to defend non-parties Florida International University or Miami-Dade County, governmental entities that have not been sued and served in state court; or Munilla Construction Management LLC ("MCM"), or Structural Technologies, LLC ("Structural"), private entities that have been sued along with Figg and Bolton. (*See id.*). Any declaratory judgment that may issue in this case will be limited to the Carriers' obligation to defend Figg and Bolton from the state-court suits already filed by the named Defendants and will neither address, nor bind, any future parties who may sue Figg and Bolton.

Any order entered in this case answering the question regarding the Carriers' duty to defend claims raised by the named Defendants in the state-court suits will be determined by a review of the policies of insurance and the pleadings these named Defendants have already filed. *See Trizec Properties, Inc. v. Biltmore Const. Co., Inc.*, 767 F.2d 810 (11th Cir. 1985) ("The duty to defend depends solely on the allegations in the complaint filed against the insured." (internal quotation marks and citation omitted)). A final judgment in this case will not impede or impair any non-parties' abilities to protect their interests. *See Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005); *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 222 (3d Cir. 2005) ("Appellants here have no property interest in the Liberty Mutual UEL policies nor do they have any other legally protectable interest in the policies. Rather, they have the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right." (citation omitted)). Consequently, the Carriers were not required to join these non-parties. *See, e.g.*, *Colony Ins. Co. v. Robles*, Case No. 08-61856-CIV, 2009 WL 10667577, *3 (S.D. Fla. Apr. 17, 2009) (denying motion to dismiss declaratory relief action on the basis insurer failed to join the injured party as indispensable under Federal Rule of Civil Procedure 19, as the action was "not concerned with whether [insured was] liable for assault and battery against [the injured party]," but rather was "concerned only with whether coverage exists as to the claims of the underlying lawsuit." (alterations added)) .

The Court is not persuaded Plaintiffs have been engaged in forum shopping by filing their suits in federal court on the basis of the named parties' diversity of citizenship or by somehow being selective in their choice of party-Defendants. Finally, given the presence of federal subject matter jurisdiction, Defendants have not met their high burden of showing continued abstention

and delay in deciding the Carriers' requests for declaratory relief are appropriate. *See, e.g.*, *Hartford Fire Ins. Co. v. Weathertrol Maint. Corp.*, No. 16-24509-CIV, 2017 WL 5643298, at *4 (S.D. Fla. Feb. 21, 2017) (denying the defendants' request the Court abstain, as "there is little reason for the Court to decline to entertain the Insurance Companies' action, combining as it does claims for monetary and declaratory relief. The Underlying Suit will not resolve those claims, nor are the Insurance Companies even parties to the action").

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

(1) The Renewed Joint Motion to Dismiss the Second Amended Complaint [Doc. 70] and Amended Complaint [Doc. 71], or Alternatively, Motion to Abstain **[ECF No. 83]** is **DENIED**.

(2) Plaintiffs, Travelers Indemnity Company and The Phoenix Insurance Company, have until **February 25, 2019**, to file a combined motion for summary judgment addressing their claims in the SAC and AC. This deadline will not be extended.

(3) Defendants shall have the time permitted by the Rules to respond to the combined motion for summary judgment, and at the time of filing their response, to submit, if they wish, a single, cross-motion for summary judgment.

(4) The Scheduling Order **[ECF No. 56]** is **SET ASIDE**.

**DONE AND ORDERED** in Miami, Florida, this 25th day of January, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record